CHARLES F. PIERCE AND HORACE G. MEEKER, AS TRUS-
TEES UNDER AN AGREEMENT DATED MARCH 18, 1963
MADE BETWEEN SAID TRUSTEES AND THE DONOR,
ABBY A. NICHOLS, FOR THE BENEFIT OF SAID
DONOR; CHARLES F. PIERCE, AS EXECUTOR OF THE
LAST WILL AND TESTAMENT OF SHIRLEY H.
NICHOLS, DECEASED; AND HASU G. NICHOLS, WIDOW
OF SAID SHIRLEY H. NICHOLS, PLAINTIFFS, v. TED
JORGENSEN, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided August 4, 1964.

Mr. *William G. Wood,* for plaintiffs (*Messrs. Smith, Stratton & Wise,* attorney).

Mr. *Russell S. Young,* for defendant (*Mr. John Ferguson,* attorney).

HERBERT, J. S. C. This is a suit for specific performance of a contract to purchase real estate located in Montclair. A motion for summary judgment was recently made by the plaintiffs and, at the close of argument, a decision to deny the motion was announced. Since then—and before the signing of an order—there has been a request from plaintiff's counsel that the motion be given further consideration.

One of the plaintiffs is an executor whose decedent, Shirley H. Nichols, joined in a contract shortly before his death to sell premises of which he was a co-owner. The defendant, as purchaser, also joined in the contract and made a payment on account of the purchase price. No deed was delivered before the death of Mr. Nichols, but after his will was probated a conveyance was tendered to the defendant. However, that tender was rejected on the ground the holder of the legal title had not joined in it.

When Mr. Nichols died his legal title passed to his sister Abby A. Nichols under a devise in his will. She is a patient at the Essex County Overbrook Hospital, an institution for the treatment and care of persons suffering from mental illnesses. She is not a party to this suit.

The defendant Jorgensen opposes the plaintiffs' motion for judgment on essentially the same ground as that on which he rejected the tender of a deed. He contends the devisee must be a party to the action because, if she is not, a judgment for specific performance cannot divest her legal title and give him the marketable title which he has a right to insist upon. He has made a countermotion for an order that Abby A. Nichols be joined as a party.

The plaintiffs rely on the equitable conversion of realty into personalty effected by the contract of sale. *Courtney v. Han-*

*son*, 3 *N. J.* 571 (1950). Beyond that they stress *N. J. S.* 3A:22–4 and 5 and on this application for reconsideration point especially to *N. J. S.* 3A:22–6. *Section* 4 of *chapter* 22 provides that where an owner has contracted to sell land and then dies before closing title the Superior or County Court "may direct" his personal representative to carry out the contract. *Section* 5 declares that a deed made under *section* 4 shall convey title "as fully as if the decedent had executed the same in his lifetime." Neither section contains any language from which it can be determined who are the necessary parties to such a proceeding.

Presumably a proceeding under *section* 4 involving any question about the existence or validity of a contract would call for the presence before the court of the heir or devisee holding the legal title.

The pertinent parts of *N. J. S.* 3A:22–6 read:

"Any executor under any will * * * may carry into effect the terms and conditions of any agreement for the purchase or sale of any real estate entered into by the decedent. And any subsequent agreement entered into by any such fiduciary in relation thereto shall be binding and effectual on all parties as if made by the decedent.

The fiduciary may take title to the real estate, at such times and upon such terms and conditions as he shall deem for the best interest of the estate, although by the provisions of said will there is given no power to the executor to take title to real estate.

The real estate shall be assets of the estate in the hands of the fiduciary, and may be sold and conveyed by him, without any order of court, and he shall receive, be accountable for and pay over the proceeds of such sale or sales as other estate moneys in his hands. * * *"

Plaintiffs' counsel emphasizes the last of the quoted paragraphs of *section* 6, arguing that it empowers an executor to give good title "without any order of court" and therefore a suit by the executor to reach the same result should require no other or more parties than a deed would need. That emphasis is misplaced; the paragraph refers in my judgment to a situation where an executor or administrator completes a decedent's contract to purchase and then, if it were not for the legislation, would find himself without power to sell what he has thus acquired.

The thought that *section* 6 empowers an executor or administrator to divest a devisee or heir of legal title without any active participation by the devisee or heir can be based, however, upon the first of the paragraphs I have quoted from the section. There is a clear statement that an executor or administrator "may carry into effect the terms and conditions of any agreement for the * * * sale of any real estate entered into by the decedent." Doing this effectively must include divestiture of legal title from the one to whom it passed at the death of the contracting seller. If an heir or devisee must join in an administrator's or executor's deed in order to transfer a marketable title, then such representative really would not have power to convey even though, as here, he is entirely satisfied that his decedent made a valid contract of sale.

Had the defendant Jorgensen accepted the conveyance tendered by the plaintiffs, I cannot conceive that the devisee Abby Nichols or anyone claiming for or through her, could make a successful attack upon the title thus obtained. To take a contrary view about the effect of such a conveyance would be to ignore, I think, what the Legislature by *N. J. S.* 3A:22–6 has declared to be the authority of an executor under a contract of sale made by his testator.

If an executor or administrator has the power by statute to carry out a decedent's contract to sell land, why should he not be permitted to do so by suing for specific performance without joining a devisee or heir when faced with a buyer who refuses to accept an offered deed? Though an affirmative answer to this question might appear to be the right one, it has been held on essentially similar facts that a devisee must be joined. *Commercial Trust Co. of N. J., Executor of Young v. Zunni,* 108 *N. J. Eq.* 435 (*Ch.* 1931), affirmed on opinion below 110 *N. J. Eq.* 569 (*E. & A.* 1932). That case held the failure to join the devisee—who had refused to join in a deed —was fatal, and specific performance against the buyer named in the contract was denied. At the time the litigation arose the statutes mentioned above were in effect (*C. S. p.* 3870, § 154; *C. S. p.* 3871, § 155, as amended 1924 *Suppl.* § 146–155;

*C. S. p.* 2267 § 26) although in somewhat different form than they are today. Yet not a single statutory reference is to be found in the opinion of the Court of Chancery, and after examining the briefs filed in the Court of Errors and Appeals I can add that no statute was even mentioned in them. Although it is difficult to believe that both the courts dealt with the problem without considering existing legislation on the power of executors, this absence of any statutory reference weakens somewhat the authority of *Commercial Trust Co. of N. J., etc. v. Zunni.* I do not consider, however, that a trial court should refuse to follow that case when called upon to make a decision on what are in all essential details the same facts.

The decision announced at the end of oral argument will not be disturbed. If the suit for specific performance is to proceed, the present holder of the legal title which descended from Mr. Shirley Nichols should be joined as a party.